IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MTE HOLDINGS LLC, *et al.*, | : | Bankruptcy Case No. 19-12269 (CTG) |
| | : | |
| Debtors. | : | |
| _____ | : | |
| | : | |
| CHENAULT-VAUGHAN FAMILY PARTNERSHIP, LTD., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C.A. No. 21-1846-LPS |
| | : | Bankr. BAP No. 21-93 |
| CENTENNIAL RESOURCE PRODUCTION LLC, | : | |
| | : | |
| Appellee. | : | |
| _____ | : | |

## **<u>RECOMMENDATION</u>**

At Wilmington this **27th** day of **January, 2022.**

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter. The parties' joint submission was due and received on January 26, 2022;

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

WHEREAS, as a result of the above screening process, mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

In this appeal, Appellant challenges a December 17, 2021 Memorandum Opinion and Order on Cross-Motions for Summary Judgment and on a Motion to Dismiss for lack of Subject Matter Jurisdiction. In the Bankruptcy Court, Appellant explained that its Motions were filed out of abundance of caution to ensure that the appellate deadlines were not missed. Appellant noted that if the Memorandum Opinion and Order on

Cross-Motions for Summary Judgment are considered final and appealable, the deadline for an appeal is fourteen (14) days thereafter . If the Opinion and Order are interlocutory, the deadline to file an application for leave to file an interlocutory appeal is governed by Rule 8004. Rule 8004(e) provides that if a motion to certify meets the interlocutory standard, an application for interlocutory appeal must be filed within 10 days after the decision because it is governed by 28 U.S.C. §1292(b).

At the January 10, 2022 Status Conference, the Bankruptcy Court entered a briefing schedule to facilitate a final, appealable order on the Cross-Motions for Summary Judgment and advised of its preference for a single order addressing the entire matter to avoid piecemeal appeals.

The Bankruptcy Court denied Appellant's Motion for Entry of Final Judgment, for Certification of Interlocutory Appeal, and for Certification of Direct Appeal. As a result, the December 27, 2021 Notice of Appeal was premature as to the summary judgment order. Appellant plans to file an amended notice of appeal after the final

order is entered.

After conferring in response to this judge's Oral Order of January 4, 2022, the parties agree that mediation of the issues in this appeal is likely to be unproductive. The parties previously discussed settlement without success and believe mediation would not result in a resolution. The parties intend to have another discussion regarding briefing schedules after any amended notice of appeal is filed, and agree that no proposed briefing schedule would be appropriate at this time.

As of the date of this Recommendation, no amended notice of appeal is filed.

Appellant further requests that any briefing on the appeal of the Order Denying Motion to Dismiss for Lack of Subject Matter Jurisdiction be deferred so the issues may be brief as part of the appeal of the Order on Cross-Motions for Summary Judgment because the matters involve common issues of law and fact, and the Bankruptcy Court addressed the issues in the same Order.

The Parties also request that an Order be entered extending the time within which they may provide an Amended Joint Submission on Mandatory Mediation and Proposed Briefing Schedule until 14 days after Appellant files an Amended Notice of Appeal in this case.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b),

1. At present no action be taken regarding whether this matter should be withdrawn from mandatory mediation.

2. Appellant be required to file an Amended Notice of Appeal on or before,

Thursday, February 17, 2022.

    3. The parties provide an Amended Joint Submission on Mandatory Mediation and Proposed Briefing Schedule on or before Thursday, March 3, 2022.

    The parties are advised through this Recommendation of their right to file objections to it pursuant to 28 U.S.C. § 636(b)(1)(8), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1.

    Local counsel are obligated to inform out-of-state counsel of this Order.

                                          */s/* Mary Pat Thynge
                                          Chief U.S. Magistrate Judge Mary Pat Thynge