# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MTE HOLDINGS LLC, *et al.*, | : | Bankruptcy Case No. 19-12269 (CTG) |
| | : | |
| Debtors. | : | |
| _____ | : | |
| | : | |
| CHENAULT-VAUGHAN FAMILY | : | |
| PARTNERSHIP, LTD., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C.A. No. 21-1846-LPS |
| | : | Bankr. BAP No. 21-93 |
| CENTENNIAL RESOURCE | : | |
| PRODUCTION LLC, | : | |
| | : | |
| Appellee. | : | |
| _____ | : | |

## **RECOMMENDATION**

At Wilmington this **16th** day of **March, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

the process.

Appellant Chanault-Vaughan Family Partnership,Ltd (Cheanult-Vaughn) and Appellees MCD Reeves Energy LLC, Centennial Resource Production LLC and Centenial Resource Development, Inc. (collectively the "Parties") provided their joint letter on March 15, 2022.  Appellee MCD Reeves Energy LLC did not take a position on this appeal and does not participate in the joint mediation letter.

The history of litigation in this matter in this Court to date is as follows.  On 12/29/21, a notice of appals was filed. D.I. 1.  On 1/4/22 an Oral Order was issued by this judge ordering that on or before 1/26/22 the parties shall advise in a joint written submission their respective positions on mediation and their reasoning for their positions.. D.I. 3.  The case was assigned to Judge Stark on 1/5/22.  A Recommendation was issued by this judge regarding Mandatory Mediation with objections due by 2/10/22.  D.I. 5.  An objection was filed to the Recommendations by Appellant on 2/2/22.  D.I. 6.  On 2/16/22, and Oral Order was issued by Judge Stark ordering that (1) at present no action would be taken regarding whether this matter should be withdrawn from mandatory mediation; (2) in accordance with the parties' agreement, Appellant was required to file an Amended Notice of Appeal within fourteen (14) days of issuance of a final order by the Bankruptcy Court; and (3) the parties shall provide an Amended Joint Submission on Mandatory Mediation and a Proposed Briefing Schedule within fourteen (14) days of the filing Amended notice of Appeal.  D.I. 7. An Amended Notice of Appeal from the Judgment and Memorandum entered on 2/14/22 by Judge Craig T. Goldblatt was filed on 2/28/22, for which a Notice of Docketing the Amended Bankruptcy Appeal was entered.   D.I. 9.

The Appeal involves Appellant challenging the (1) entry of summary judgment in favor of MCD Development, Inc., Centennial Resources Production LLC, and Centennial Resource Development, Inc. by Judge Goldblatt of the Bankruptcy Court and (2) any Order encompassed within this Judgement.

Appellant and Appellees conferred and jointly request that the appeal be removed from mandatory mediation including that 1) mediation of this appeal is unlikely to be productive; 2) the issues on appeal primarily involve issues of law; and 3) the parties's previous settlement efforts have been unsuccessful.

The parties have not previously engaged any ADR process.

The parties request that the following briefing schedule be entered:

| | |
|---|---|
| Appellant's Opening Brief | On or before April 28, 2022 |
| Appellees' Answering Brief | 45 days after Appellant's Brief is served |
| Appellant's Reply Brief | 21 days after Appellees' Brief is served |

The Parties further request, to the extent the proceeding is delayed, that the proposed briefing be allowed to be adjusted accordingly.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  No objections are anticipated to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1 because the Recommendation is consistent with the parties' request.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge